ROY E. RES, Plaintiff-Appellee, *v.* THE CIVIL SERVICE COMMISSION *et al,* Defendants-Appellants.

Fourth District   No. 13809

Opinion filed June 27, 1977.

John W. Russell, of Carlinville, for appellants.

Thomas W. Duda, of Cornfield & Feldman, of Chicago, for appellee.

Mr. JUSTICE HUNT delivered the opinion of the court:

This case comes on appeal from a circuit court decision reversing a decision of the Illinois Civil Service Commission (hereinafter Commission). The issue on appeal is whether the decision of the Commission was against the manifest weight of the evidence. We affirm.

Roy Res was employed as an officer of Menard Penitentiary. On January 24, 1975, he was dismissed and charged with five different counts of violating the rules of the penitentiary. A hearing was held before a hearing officer who concluded that charges 1, 2, 3, and 5 were unsubstantiated; however, he found sufficient evidence to sustain charge 4. The hearing officer recommended to the Commission that Res be reprimanded rather than discharged, because, under the rules of the Department of Corrections, that was the proper action for the first offense.

On May 21, 1975, in a summary order and by a 2-1 vote, the Commission adopted the fact findings of the hearing officer and found that charges 2, 3, and 4 were proven as grounds for discharge. The Personnel Code, which establishes the Civil Service Commission (Ill. Rev. Stat. 1975, ch. 127, par. 63b107a), specifically incorporates the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 127, par. 63b111a), and Res filed a complaint for administrative review in the Sangamon County circuit court. The circuit court heard arguments and reversed the Commission on charges 2 and 3 because the decision of the Commission was contrary to the manifest weight of the evidence. The circuit court agreed that charge 4 should be affirmed, but reversed the Commission's decision for discharge and remanded the case to the Commission for an official reprimand. Charges 1 and 5 were dismissed below, and no appeal is taken from that decision.

■■ The function of a reviewing court on appeal from a determination of an administrative agency is to ascertain whether the agency's decision

is against the manifest weight of the evidence. *E.g., Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 75 N.E.2d 303.

Charge 2 accused Res of making racially derogatory remarks to or in front of black residents of Menard Correctional Center. Sergeant Marlen Happell testified that Res made a remark in the officer's kitchen that he wished they would get some white waiters because "You couldn't get no [*sic*] service out of these niggers down there." Happell said other blacks in the area were incensed by the remark. However, Happell didn't think Res had broken the regulation, so he did not report the incident. Res denied making the statement and testified that he never refers to blacks as "niggers" while in the institution. William Rednour testified that there was only one black waiter who worked in the officers' kitchen.

Charge 3 accused Res of demeaning a black lieutenant in front of other officers. James Rouse heard Res remark, "I'm not working for no nigger and no nigger is going to tell me what to do." Rouse testified that the statement was made during a committee meeting.

Lieutenant Judson Childs was the only black lieutenant in the area where Res was working. Childs testified that Res never committed any act of insubordination in front of him. Res denied making the statement in charge 3.

The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct (Ill. Rev. Stat. 1975, ch. 110, par. 274). A reviewing court may not judge the credibility of the witnesses or substitute its judgment for that of the Commission. (*Moore v. Chicago Police Board* (1976), 42 Ill. App. 3d 343, 355 N.E.2d 745.) The Commission concurred in and adopted the fact findings of the hearing officer. The hearing officer found that, on charge 2, Happell's testimony was vague and uncertain. The hearing officer was present to observe the witnesses testify, and he is in the best position to judge their credibility (see *Nichols v. Cohen* (S.D. Ill. 1968), 290 F. Supp. 207). There was only one black waiter in the kitchen, and the substance of the alleged statement goes contrary to this fact. We find that the Commission's decision was against the manifest weight of the evidence on charge 2.

On charge 3, Rouse could not remember when the remark took place. Childs' name was never mentioned. In light of the fact that Res denied making the remark in charge 3, and Childs testified that Res was never insubordinate to him, the decision of the Commission on charge 3 was also against the manifest weight of the evidence.

The hearing officer, the Commission, and the trial court all found sufficient evidence to sustain charge 4. Res, on cross-appeal, challenges charge 4 as being against the manifest weight of the evidence.

Charge 4 alleges that in response to an inmate uprising, Res stated that he was going to "kill * * * some niggers." The statement was made while

weapons were being distributed in the armory. Charge 4 further alleges that after the disturbance was quelled, Res said, in the presence of a black counselor, that the "niggers had won."

On May 17, 1974, some black and white inmates took over the east cellhouse at Menard. Michael O'Leary testified that he heard Res make both the statements alleged in charge 4. Paul Parnell, a black counselor, and James Rouse substantially corroborated O'Leary's testimony. Res denied making the comment that he was going to kill someone, but admitted that he may have made the other remark.

Two other witnesses testified that they were present when the weapons were being drawn and did not hear Res make a derogatory remark. The evidence on charge 4 was not against the manifest weight of the evidence.

■■ Since we find that the decision of the Commission on charges 2 and 3 was against the manifest weight of the evidence, the sanction of discharge must be reconsidered. The Director of the Department of Corrections testified that the use of the word "nigger" to or in front of inmates is not an offense requiring immediate dismissal. The charges against Res were all class "E" offenses according to the rules of the prison. It takes four class "E" violations within one year to justify a dismissal. Res had an excellent work record with no previous violations.

Defendants asserted in oral argument that this court does not have the authority to modify the punishment imposed by the Commission. For this proposition they cite *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 361 N.E.2d 782. In *Epstein*, the court held that the severity of the punishment imposed should not be considered in determining whether the findings of the Commission were against the manifest weight of the evidence. *Epstein* also cited *Fornuto v. Police Board* (1976), 38 Ill. App. 3d 950, 349 N.E.2d 521, and *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389, as cases where the reviewing court has held that the findings of the administrative body were insufficient to warrant discharge. It would be a useless motion for a reviewing court to find that an agency's ultimate sanction could not be remanded for reconsideration. We agree with the trial court that since Res was not guilty of four class "E" violations, this case should be remanded to the Commission for an official reprimand.

By remanding this case, we do not imply that Res' derogatory remark is in any way to be condoned, but it is apparent from the record that this single instance of misconduct is not grounds for dismissal under the rules at Menard.

■■ Finally, Res requests this court to determine the amount of his back pay through a declaratory judgment. The back-pay formula is set forth in section 11b of the Personnel Code (Ill. Rev. Stat., 1975 Supp., ch.

127, par. 63b111b). This court is not the proper forum for determining back pay, and we do not have the evidence on that issue before us. (*Sola v. Clifford* (1975), 29 Ill. App. 3d 233, 329 N.E.2d 869; *Sgro v. City of Springfield* (1972), 6 Ill. App. 3d 478, 285 N.E.2d 589.) The trial court's decision is affirmed.

Affirmed.

GREEN, P. J., and REARDON, J., concur.