THE DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Plaintiff-Appellee, *v.* ILLINOIS CIVIL SERVICE COMMISSION, Defendant.—(WAYNE C. DU FRENNE, Defendant-Appellant.)

Fourth District   No. 16038

Opinion filed August 5, 1980.—Rehearing denied September 3, 1980.

TRAPP, J., dissenting.

Cornfield & Feldman, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield (L. Ken Sezer, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

In this case, a State employing unit sought to discharge a certified employee for cause. After a hearing the Civil Service Commission found the employee guilty of the misconduct charged but imposed only a sanction of suspension. The question presented is whether a court on administrative review from such an order may set aside the suspension and order that on remand the employee be ordered discharged. We hold that under the circumstances here, such an order may be entered and affirm the action of the circuit court in doing so.

On March 21, 1979, the Department of Mental Health of the State of Illinois (DMH) initiated proceedings for the discharge of its employee, defendant Wayne C. Du Frenne, who then demanded a hearing pursuant to section 11 of the Personnel Code (Ill. Rev. Stat. 1977, ch. 127, par. 63b111). The charge alleged that defendant had mistreated a patient. A hearing was held before a hearing officer. On August 16, 1979, the Commission entered an order approving the recommendation of the

hearing officer finding defendant to have punched and kicked a patient who was under restraint. However, the order also found the circumstances to be mitigating and imposed, as the only sanction, that defendant be suspended for a period of 90 days in addition to the 30-day suspension which had initially been imposed by DMH. On September 19, 1979, that department appealed to the circuit court of Sangamon County pursuant to the provisions of section 11a of the Personnel Code. (Ill. Rev. Stat. 1979, ch. 127, par. 63b111a). On December 20, 1979, that court reversed the decision of the Commission and remanded the cause to it with directions to enter an order finding defendant to have been properly discharged. Defendant then appealed to this court.

Defendant does not dispute that an employing department such as DMH can obtain administrative review of a decision of the Civil Service Commission (*Department of Registration & Education v. Aman* (1973), 53 Ill. 2d 522, 292 N.E.2d 897), but maintains that such review should be limited to determining whether the Commission's factual determination as to the employee's misconduct was contrary to the manifest weight of the evidence. He contends that reviewing courts should give complete deference to the Commission's determination of whether the misconduct, if proved, warranted a discharge or lesser sanction of suspension. He relies principally upon *Nolting v. Civil Service Com.* (1955), 7 Ill. App. 2d 147, 129 N.E.2d 236, and the more recent case of *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 361 N.E.2d 782. In *Nolting* the circuit court on administrative review set aside a discharge order of the city of Chicago civil service commission and ordered reinstatement of the discharged employee upon condition that he waive back salary. The appellate court reversed, noting that the circuit court had, in effect, ordered a suspension and that under applicable legislation (Ill. Rev. Stat. 1953, ch. 24½, par. 42) the city commission had no power to suspend an employee. The appellate court stated that the circuit court, on administrative review, could only determine whether (1) the finding on the question of whether the employee committed the misconduct charged was contrary to the manifest weight of the evidence, and (2) the determination in regard to discharge was related to the requirements of the employee's service and not arbitrary or capricious. The court stressed the importance of the expertise of the city commission in determining cause and the harmful effect upon the employing unit for the court to force upon the employer an employee deemed by the city commission to require discharge. In *Epstein* the appellate court made similar admonitions in reversing a circuit court order which had reversed a discharge order of the Civil Service Commission.

Section 11 of the Personnel Code prohibits discharge except for "cause." The Code does not define "cause" but cases have construed it to

constitute "substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public policy recognize" as reason for terminating the employee. *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 441, 352 N.E.2d 389, 394, *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 511; *Parkhill v. Illinois Civil Service Com.* (1978), 58 Ill. App. 3d 291, 374 N.E.2d 254; *Epstein.*

No case has come to our attention where the circuit court has set aside a Civil Service Commission order on grounds that the Commission had erroneously refused to impose a discharge. However, the propriety of the determination of whether proven misconduct was sufficient to constitute cause for discharge has been reviewed in *Fox v. Illinois Civil Service Com.* (1978), 66 Ill. App. 3d 381, 383 N.E.2d 1201, *Parkhill,* and *Res v. Civil Service Com.* (1977), 49 Ill. App. 3d 852, 365 N.E.2d 209. In *Fox* a discharge order was set aside. The proved misconduct of profanity was deemed insufficient as a matter of law to constitute cause for discharge. Similarly in *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 370 N.E.2d 511, and *Fornuto v. Police Board* (1976), 38 Ill. App. 3d 950, 349 N.E.2d 521, courts have set aside determinations of another independent agency that misconduct of tenured employees required discharge. The *Fox* (66 Ill. App. 3d 381, 388, 383 N.E.2d 1201, 1206) and *Kreiser* (40 Ill. App. 3d 436, 441, 352 N.E.2d 389, 394) opinions indicated that a commission's determination to discharge might be overturned if the charges proved were "so trivial as to be unreasonable or arbitrary."

The argument of defendant's brief is directed entirely to the question of whether the circuit court could set aside the Commission's determination not to discharge him. No contention is made that the circuit court's ruling was improper because of the nature of the misconduct shown here, and we need not consider that question. We recognize the substantial deference that must be given to the Commission's ruling on the question of cause. However, our examination of the record indicates that conduct of defendant in unnecessarily punching and kicking an already restrained mental patient was very grave even in the face of substantial provocation.

Defendant points out that in *Kreiser,* the supreme court (69 Ill. 2d 27, 370 N.E.2d 511) held that in properly overturning the discharge order, the trial court erroneously failed to remand to the city commission so that it might exercise its discretion as to imposition of a lesser sanction than that set aside. Even if a similar rule would ordinarily be applicable in a reverse situation and require remand to the commission to exercise its discretion in imposing a sanction more severe than that set aside, the rule would not apply here. The 90-day suspension imposed by the Commission, coupled with the 30-day suspension imposed by DMH, constituted the most

severe sanction less than discharge permitted by section 11 of the Personnel Code. Thus the reversal of the Commission's order left no area for exercise by it of any discretion.

The order of the circuit court of Sangamon County appealed is affirmed.

Affirmed.

WEBBER, J., concurs.

Mr. JUSTICE TRAPP, dissenting:

The order of the trial court found that the evidence supported the finding of the Civil Service Commission that the employee acted under substantial stress as the result of a physical encounter and that the Commission did not err in considering such stress as a mitigating factor. That court found, however, that the employee's conduct required dismissal as a matter of law, reversing the decision of the Commission and remanding with directions to enter an order of dismissal.

While reported cases have found administrative penalties too severe and subject to mitigation, and the courts have found the "cause" for discharge to be so trivial, arbitrary, or unreasonable as to require reversal of an order of discharge, no case has been cited and we have found none requiring discharge as a matter of law.

Within its expertise, the circuit court was not construing or applying the elements of a statute or the precedent of case law. Cause for discharge as a matter of law has not been defined by statute or developed through case law.

It was the responsibility of the Commission to evaluate the seriousness of the employee's conduct and determine if such was adequate cause for discharge. (*Crowell v. Police Board* (1975), 32 Ill. App. 3d 552, 336 N.E.2d 573.) The Commission's decision as to cause will not be reversed so long as it is related to the requirements of the service and is not so trivial as to be unreasonable. *Caliendo v. Goodrich* (1976), 34 Ill. App. 3d 1072, 340 N.E.2d 560.

In *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 361 N.E.2d 782, it was said that the Commission was better able to determine the effect of the employee's conduct upon the proper operation of the hospital than was the judiciary and that the courts should not act as a "super-commission." See also *Nolting v. Civil Service Com.* (1955), 7 Ill. App. 2d 147, 129 N.E.2d 236.

I read the trial court's findings to mean that the "decision" of the Commission was not arbitrary or capricious or without basis in fact. The Commission sanction measured its judgment of the Department to the

discipline and efficiency of the Department caused by the employee's conduct. The circuit court's conclusion that the mitigation was insufficient and that the sanctions of discharge must be imposed ultimately substitutes the judgment of the circuit court for that of the Commission.

I would reverse the order of the trial court and affirm the order of the Commission.