(No. 54073

THE DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Appellee, v. THE CIVIL SERVICE COMMISSION *et al.* (Wayne C. DuFrenne, Appellant).

*Opinion filed June 26, 1981.—Rehearing denied October 19, 1981.*

Gilbert A. Cornfield, of Cornfield and Feldman, of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (L. Kent Sezer and Val Gunnarsson, Assistant Attorneys General, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

On August 16, 1979, the Illinois Civil Service Commission (Commission) entered an order suspending defendant, Wayne Du Frenne, from his employment with plaintiff, the Department of Mental Health and Developmental Disabilities (Department), for 120 days. On review sought by the Department, the circuit court of Sangamon County reversed the Commission's decision and remanded the cause with directions to enter an order of discharge. In a majority decision, the appellate court affirmed the circuit court's judgment. We allowed leave to appeal. 86 Ill. App. 3d 1072.

The issue before this court is the propriety of the circuit court's reversal of the Commission's decision.

On March 8, 1979, the Department suspended defendant for 30 days pending discharge for allegedly mistreating a patient. The Department initiated discharge proceedings on March 21. Thereafter defendant demanded a hearing pursuant to section 11 of the Personnel Code (Ill.

Rev. Stat. 1977, ch. 127, par. 63b111). A full hearing was held before a hearing officer. The Commission adopted the findings of the hearing officer, which included the following:

> "[Defendant] was involved in an incident which was stressful to say the least and appeared to be more than he could handle. He was attacked with a punch to the face and then scratched. It is not to his credit that he punched and kicked a patient who was under restraint and presented no further danger to him. However, [defendant's] reaction was not calculated but rather was the result of his sudden loss of control which under the circumstances may be understandable although not condoned."

The Commission also adopted the hearing officer's conclusion that due to the presence of mitigating circumstances suspension would be appropriate, and imposed an additional 90-day suspension. The trial court held that the Commission's finding that defendant acted under substantial stress as a result of a physical altercation was supported by the record and, further, that the Commission did not err in considering this stress as a mitigating factor. However, the court concluded that defendant's conduct constituted sufficient cause for discharge as a matter of law and remanded the cause to the Commission with instructions to enter an order finding defendant properly discharged as of April 7, 1979.

A court's scope of review of an administrative agency's decision regarding discharge is a two-step process. First, the court must determine if the agency's findings of fact are contrary to the manifest weight of the evidence. (See *Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 358.) In applying this rule of law, the following statutory provision must be considered: "The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct" (Ill. Rev. Stat. 1977, ch. 110, par. 274). In this case, neither the trial court nor the appellate court found the Commission's findings of

fact to be contrary to the manifest weight of the evidence. Our review of the record renders the same conclusion.

The second step in the court's analysis is to determine if the findings of fact provide a sufficient basis for the agency's conclusion that cause for discharge does or does not exist. Section 11 of the Personnel Code prohibits discharge of employees except "for cause." (Ill. Rev. Stat. 1977, ch. 127, par. 63b111.) There is no statutory definition of "cause." "Cause" has been judicially defined as "some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for his no longer holding the position." *E.g., Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 441, *aff'd* (1977), 69 Ill. 2d 27.

Due to the paucity of specific guidance, several appellate decisions in this State have held that the question of whether there is sufficient cause for discharge is generally for the agency to determine. (*Brown v. Sexner* (1980), 85 Ill. App. 3d 139, 147; *Fox v. Illinois Civil Service Com.* (1978), 66 Ill. App. 3d 381, 388; *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 85; *Caliendo v. Goodrich* (1975), 34 Ill. App. 3d 1072, 1075; *Crowell v. Police Board* (1975), 32 Ill. App. 3d 552, 555; *Nolting v. Civil Service Com.* (1955), 7 Ill. App. 2d 147, 162-63.) Indeed, even the appellate court in this case recognized "the substantial deference that must be given to the Commission's ruling on the question of cause." (86 Ill. App. 3d 1072, 1074.) Some appellate opinions have found administrative penalties too severe and subject to reduction. (*Fox v. Civil Service Com.* (1978), 66 Ill. App. 3d 381, 393; *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 442, *aff'd* (1977), 69 Ill. 2d 27, 31; *Caliendo v. Goodrich* (1975), 34 Ill. App. 3d 1072, 1076-77.) These cases, however, make it clear that the Commission's

determination to discharge might be overturned only if its decision is arbitrary, unreasonable, or unrelated to the requirements of service. See also *Parkhill v. Illinois Civil Service Com.* (1978), 58 Ill. App. 3d 291, 292.

We agree with the appellate court decisions finding that the question of whether cause for discharge exists should be determined by the administrative agency. We therefore hold that the agency's decision as to cause will not be reversed unless it is arbitrary, unreasonable, or unrelated to the requirements of service. See *DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 489.

As stated earlier, the Commission, upon full review of the discharge hearing, which involved testimony of many witnesses, found that defendant's actions were not calculated but occurred in reaction to a patient's attack on him. The Commission also found that, prior to this incident, in his tenure of employment beginning July 21, 1976, defendant's performance met expectations. In light of all the surrounding circumstances, the Commission concluded that defendant's conduct did not constitute sufficient cause for discharge. From our review of the record, we cannot say that, by imposing the maximum suspension allowed by statute rather than discharge, the Commission's decision was arbitrary, unreasonable, or unrelated to the requirements of the service.

For the above-stated reasons, the judgments of the appellate and circuit courts are reversed and the order of the Commission is reinstated.

*Judgments reversed;*
*order affirmed.*

MR. JUSTICE WARD, dissenting:

I respectfully disagree with the conclusion of the majority. I would affirm the judgments of the circuit and appellate courts, which upheld the position of the Depart-

ment of Mental Health and Departmental Disabilities that the misconduct here constitutes cause for discharge.

The Department is responsible for the treatment of mentally ill persons, who require and have a right to society's understanding care. The Department is best informed as to the qualifications for those personnel to whom the welfare of these patients is entrusted. It deemed that discharge here would be necessary because of the character of the misconduct and possibly because only that sanction would be an effective deterrent against similar mistreatment of patients. I consider that the Commission's disposition did not adequately relate to the sensitive requirements for proper care of the mentally ill.

In another setting, a lesser sanction could be appropriate. I do not, however, think that the continued employment of an attendant whose loss of self-control lead him to punch and kick a mental patient who was under restraint can be condoned.