FREDERICK K. SLAYTON, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF STREAMWOOD *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-2461

Opinion filed November 23, 1981.

William T. Dwyer, of Chicago, for appellant.

Robert V. Gildo, of Wheaton, for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Frederick K. Slayton, brought this action for administrative review of his discharge as a member of the police department of the Village of Streamwood (hereinafter Village). The trial court affirmed the order of discharge of the Board of Fire and Police Commissioners of the Village of Streamwood (hereinafter Board), and plaintiff appeals.

The record discloses plaintiff was a police officer for the Village of Streamwood for 4 years prior to the events of March 26, 1979. On said date, plaintiff was on medical leave from the Village and was able to engage in a small general construction contracting business that he had developed. On the afternoon of March 26, plaintiff was at work at a store preparing an estimate for remodeling in Morton Grove, and a personal friend, Edward Marcus, who was employed at the store, asked to borrow

a tape cartridge from plaintiff's car. Plaintiff gave Marcus his keys and remained in the store completing the estimate. After five or 10 minutes plaintiff went to his car and discovered that Marcus was still sitting in the passenger's seat. Plaintiff got into the driver's seat and noticed that Marcus had a clear plastic bag containing marijuana on his lap. Marcus told plaintiff that he wanted to roll a joint before he left.

A Morton Grove squad car drove up to plaintiff's car while plaintiff and his friend were seated in the car. One of the officers approached plaintiff's car and told Marcus and plaintiff to get out of the car. Plaintiff and Marcus got out of the car, and plaintiff showed the Morton Grove police officer his Streamwood ID. Plaintiff was questioned by Lieutenant Victor Pearson from the Morton Grove Police Department, and plaintiff told the lieutenant that plaintiff was a detective, working in drugs for the Streamwood Police Department and that Mr. Marcus was one of his informants. Plaintiff said that he had been working with Marcus for one year. The packet contents and a cardboard box found on the floor of plaintiff's car measured some 22.7 grams, and Marcus was charged with possession of cannabis.

At the Morton Grove police station plaintiff indicated that he was off duty and the Streamwood Police Department did not know anything about the drug investigation case. Plaintiff also indicated that he was working on a case to protect his friend, Edward Marcus, and to save the Streamwood Police Department from embarrassment. Plaintiff was released and not charged with any violation of any criminal offense.

On April 17, 1979, written charges were filed before the Board growing out of plaintiff's conduct on March 26. Plaintiff and Lieutenant Pearson were among the witnesses who testified at the hearing, and the Board found as follows:

"(8) This Board finds that a preponderance of the evidence establishes that the Respondent on March 26, 1979, in a parking lot located at or about 6727 Dempster Street, Morton Grove, Illinois did violate Section 1.5.2.26 of the Rules and Regulations of the Police Department of the Village of Streamwood, Illinois in that the Respondent, while off-duty, did knowingly, purposely, and falsely represent to a Morton Grove Police Officer, who was in the conduct of a police investigation, that the Respondent was engaged in an undercover drug investigation involving a cannabis transaction.

(9) This Board determines that the act of which it finds the Respondent guilty in paragraph 8 hereof, the making of a report and/or conducting police business in a false and untruthful manner, is a substantial shortcoming which renders Respondent's continued employment as a patrol officer detrimental to the

efficiency, discipline, and morale of the Police Department, and that, by reason thereof, cause exists for the removal and discharge of Respondent from his position as a patrol officer and as a member of the Police Department of the Village of Streamwood, Illinois."

Pursuant to the Administrative Review Act the trial court affirmed the Board's ruling and found that the finding of the Board was not contrary to the manifest weight of the evidence.

On appeal plaintiff argues that the finding of the Board is against the manifest weight of the evidence and that the factual findings do not constitute a violation of section 1.5.2.26 of the rules and regulations of the Village. Plaintiff asserts that a fair reading of the regulation 1.5.2.26 indicates that the finding of the Board does not constitute a violation of said regulation. Plaintiff claims that the Board failed to indicate whether the false representation was made while testifying, in a report, or while conducting police business. Additionally, plaintiff contends that the record of the Board's proceeding fails to set forth any evidence sufficient to sustain a violation of section 1.5.2.26. Lastly, plaintiff claims that a violation of section 1.5.2.26 can only occur if police business is conducted in a less than truthful and cooperative manner.

The Board responded to plaintiff's argument by asserting that there is nothing in section 1.5.2.26 that indicates that the words "testifying" and "reports" were limited to only those instances where Streamwood police officers were testifying or making reports to the Streamwood Police Department. To render such an interpretation would be to read into plain and certain statutory language limitations and conditions that do not exist.

When Officer Slayton told Lieutenant Pearson of the Morton Grove Police Department that he was on a "case," that he was a detective working drugs for the Streamwood Police Department, that Mr. Marcus was an informant, and that he had been working with Marcus for one year, he was making a statement allegedly based upon personal knowledge and he was giving an account of his position and relationship with Marcus to Lieutenant Pearson. There can be no question that Officer Slayton was testifying and making a report to Lieutenant Pearson. The fact that, by his own admission, the representations made by Officer Slayton to Lieutenant Pearson were false and were intended to protect a friend who had just committed a crime, clearly establishes that the testimony and report of Officer Slayton was in a less than truthful and cooperative manner. The testimony and report of Officer Slayton was neither truthful nor was it cooperative. The fact that the false testimony and report of Officer Slayton was made to an officer in the Morton Grove Police Department rather than the Steamwood Police Department in no way removes the matter from falling under the clear meaning and intent

of section 1.5.2.26 as no limitation as to the recipient of the false testimony or report is contained in the rule.

■■■ An administrative body's interpretation of its own rules, as long as the interpretation relates to the agency's power, is entitled to a presumption of validity. (*Taylor v. Police Board* (1978), 62 Ill. App. 3d 486, 378 N.E.2d 1160.) The scope of review of an administrative agency's decisions regarding discharge has been recently set forth by the Illinois Supreme Court in *Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885, and entails a two-step process. First, the court must determine if the agency's findings of fact are contrary to the manifest weight of the evidence. Second, the court must determine if the findings of fact provide a sufficient basis for the agency's conclusion that cause for discharge does or does not exist. The findings and conclusions of the administrative agency shall be held to be prima facie true and correct and unless arbitrary, unreasonable, or unrelated to the performance of service will not be reversed. See *Albert v. Board of Fire & Police Commission* (1981), 99 Ill. App. 3d 688, 425 N.E.2d 1158.

■■ Applying the above principles to the instant case, we reach the conclusion that the holding of the trial court that the Board's ruling was not contrary to the manifest weight of the evidence and that there was sufficient evidence in the record to support the finding and decision of the Board is in accord with the standards set forth in *Department of Mental Health & Developmental Disabilities.*

■■ Plaintiff has requested that this court entertain plaintiff's suggestion that consideration be given to a lesser sanction or modification or revision of the Board's order; however, we decline to substitute our judgment for that of the Board. *Washington v. Civil Service Com.* (1981), 98 Ill. App. 3d 49, 423 N.E.2d 1136; *Adamek v. Civil Service Com.* (1958), 17 Ill. App. 2d 11, 149 N.E.2d 466.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and McGLOON, JJ., concur.