JAMES ZAGEL, Director, Department of Law Enforcement, Plaintiff-Appellant, v. DALE A. NAGEL *et al.*, Defendants-Appellees.

First District (5th Division)    No. 81-470

Opinion filed March 31, 1982.

Tyrone C. Fahner, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellant.

Edward G. Coleman, of Springfield, for appellees.

JUSTICE MEJDA delivered the opinion of the court:

The defendant, Department of Law Enforcement Merit Board (Merit Board), issued a final administrative decision that defendant trooper Dale A. Nagel be suspended for cause from duty as an Illinois State policeman, without pay or benefits, for a period of six months. Plaintiff, Director of the Department of Law Enforcement, filed a

complaint for administrative review requesting the court to reverse the decision and order the discharge of defendant Nagel, or remand the decision to the Merit Board with instructions to order the discharge. The trial court affirmed the decision of the Merit Board. Plaintiff appeals. The sole issue presented is the propriety of the circuit court's affirmance of the Merit Board's decision.

On May 2, 1980, defendant Nagel was relieved of his duty as a trooper with the Illinois State Police pending discharge for allegedly transmitting reports of motorists' violations, knowing that the violations had not been committed, and by forging the signatures of motorists to written warning tickets who then never received copies of the warnings. The Department of Law Enforcement (Department) initiated discharge proceedings and a full hearing was held before a hearing officer of the Department of Law Enforcement Merit Board, all pursuant to section 14 of "An Act in relation to the State Police" (Ill. Rev. Stat. 1979, ch. 121, par. 307.14). The Merit Board adopted in entirety the findings of fact and conclusions of law of the hearing officer. Those findings included that Nagel issued spurious warning tickets; signed the names of motorists to the tickets to whom he failed to deliver copies; transmitted the spurious warning tickets to his superiors, and refused to respond to questions put to him by his superior officers. The hearing officer also found that except for the loss of two regular days off in 1967 for failure to respond to a radio call, Nagel had never been admonished by the Department, and further, that at the time of the complained-of occurrences, Nagel was burdened by personal concerns which should be considered by the Merit Board in mitigation of punishment. The Merit Board suspended Nagel from duty for cause without pay or benefits for a period of 180 calendar days, the maximum suspension short of permanent discharge which could be imposed by the Merit Board. (Ill. Rev. Stat. 1979, ch. 121, par. 307.14.) Subsequently, the plaintiff sought administrative review of the Merit Board's decision in the circuit court. The trial court affirmed the decision of the Merit Board.

OPINION

Plaintiff contends that Nagel's misconduct mandates dismissal, and that the Merit Board's imposition of suspension rather than discharge was arbitrary, capricious, unrelated to the requirements of the service, and contrary to the manifest weight of the evidence. He argues that a reviewing court can validly increase a suspension to a discharge and that any finding of mitigation is overwhelmingly contrary to the manifest weight of the evidence.

■■ As recently set forth in *Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d

885, a court's scope of review of an administrative agency's decision regarding discharge is a two-step process. First, the court must determine if the agency's findings of fact, which are prima facie true and correct (Ill. Rev. Stat. 1979, ch. 110, par 274), are contrary to the manifest weight of the evidence.

■■ Plaintiff contends here that the Merit Board's finding of mitigating circumstances is contrary to the manifest weight of the evidence. Nagel testified that during the time period in question his mother had died, his son had wrecked three automobiles for which he had to pay, and his former wife had moved their remaining children to Florida. Plaintiff does not challenge the veracity of this evidence. However, plaintiff does argue that Nagel's testimony that he felt pressured to meet a "motorist contact quota" allegedly imposed by his sergeant was dubious at best. Nonetheless, this testimony stood unrebutted. Therefore, the finding of the Merit Board that Nagel was burdened with personal concerns at the time of the complained-of occurrences is amply supported by the record and is not contrary to the manifest weight of the evidence.

■■ The second step in the court's administrative review analysis is to determine if the findings of fact provide a sufficient basis for the agency's conclusion that cause for discharge does or does not exist. (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.) Upon a finding of guilty, the Merit Board has the responsibility of ordering "either removal, demotion, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations of the Board which, in the opinion of the members thereof, the offense merits." (Ill. Rev. Stat. 1979, ch. 121, par. 307.14.) The question of whether cause for discharge exists is to be determined by the administrative agency, and therefore, its decision as to cause will not be reversed unless it is arbitrary, unreasonable or unrelated to the requirements of the service. *Department of Mental Health & Developmental Disabilities*; *DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 202 N.E.2d 522.

■■ Here, the Merit Board did not find cause to discharge Nagel but did find cause to suspend him. In rendering its decision the Merit Board recognized the seriousness of Nagel's misconduct and included in its findings that the "disciplinary measures imposed must be of greater magnitude than the Board would ordinarily be inclined to impose." Although plaintiff argues that imposition of suspension rather than discharge was arbitrary, unreasonable and unrelated to the needs of the service, it is clear that in the view of the Merit Board the imposition of the 180-day suspension without pay or benefits was a more stringent disciplinary measure than normally imposed. A review of the record discloses that the Merit Board imposed the punishment which, in the opinion of the

members, the offense merited. Accordingly, we conclude that the Merit Board's decision was not arbitrary, unreasonable nor unrelated to the requirements of the service, and did not become so, as plaintiff argues, because the Merit Board imposed the maximum suspension allowed by statute rather than discharge. *Department of Mental Health & Developmental Disabilities.*

For the reasons cited herein, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.