JOHN R. PHIPPS, Adjutant General, Military and Naval Department, *et al.*, Plaintiffs-Appellants, *v.* THE CIVIL SERVICE COMMISSION, Defendant.—(Gary Huff, Defendant-Appellee.)

Fourth District No. 4—82—0409

Opinion filed February 3, 1983.—Rehearing denied March 2, 1983.

Tyrone C. Fahner, Attorney General, of Chicago (Georgene M. Wilson, Assistant Attorney General, of counsel), for appellants.

Gilbert Cornfield, of Cornfield & Feldman, of Chicago, for appellee.

JUSTICE GREEN delivered the opinion of the court:

This case concerns the question of whether the Adjutant General of the State, in his capacity as head of the Military and Naval Department (Ill. Rev. Stat. 1979, ch. 129, par. 220.22(d)), could reorganize the department by abolishing the position of Photographer II pursuant to the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b101 *et seq.*). The purpose of reorganization was to ensure that all photographic work done in the department would be performed by employees who are also members of the National Guard (Guard). The Photographer II position did not require membership in the Guard, and the reorganization resulted in the layoff of the only employee filling that position, and the assignment of the photographic work to other employees whose positions required membership in the Guard.

The procedures giving rise to the litigation were initiated on October 29, 1980, when plaintiff, Major General John R. Phipps, Adjutant General of the State, acting pursuant to section 8b.13 of the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b108b.13) and Rule 250 of the Personnel Rules, sent a letter to William Boys, Director of the Department of Personnel. That letter informed Director Boys of a plan of reorganization which would abolish the position of Photographer II in the Military and Naval Department held by defendant Gary Huff and would provide for a layoff of Huff. Director Boys approved the plan on November 21, 1980. On December 4, 1980, Huff appealed the layoff to the Civil Service Commission (Commission). After lengthy hearings before a hearing officer, the Commission entered an order on November 19, 1981, adopting the findings, rulings and recommendations of the hearing officer and ordering Huff to be reinstated. On December 28, 1981, plaintiffs Phipps and Louis J. Giordano, successor to Director Boys, appealed the Commission's decision to the circuit court of Sangamon County. (Ill. Rev. Stat. 1981, ch. 127, par. 63b111a.) That court affirmed the Commission order on June 7, 1982. Plaintiffs have appealed to this court.

The Commission found that the reason for Huff's layoff was his refusal to rejoin the Guard, of which he had been a member in prior years, and that the procedure used was a subterfuge for a discharge which could only be done by compliance with section 8b.16 of the Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b108b.16) and requires a showing of good cause.

The underlying facts as revealed by the evidence presented to the hearing officer were not in dispute. They fully supported a conclusion that, had Huff been willing to rejoin the Guard, the reorganization procedures would not have been initiated. Huff had been a State employee since 1962 except for his military service from 1962 to 1966. In 1972 he was appointed to his present position of Photographer II with the Military and Naval Department. Although Guard membership was not required for that position, Huff served in the Guard for a number of years but did not reenlist in 1978. Lieutenant Colonel Carl Johnson, Huff's superior, urged Huff to rejoin the Guard, indicating that General Phipps was very anxious that he do so because: (1) If he were in the Guard, Huff would be able to use military transportation to various camps, installations and events which his duties required him to attend; and (2) Huff's holding of his position with the Military and Naval Department without being a member of the Guard created a bad appearance. Huff testified he was threatened with loss of his job or transfer if he did not reenlist in the Guard.

In the summer of 1980 a position of Photographer III was created in the Military and Naval Department with duties similar to that of Photographer II, but with the added requirement of membership in the Guard. Lieutenant Colonel Johnson urged Huff to apply for this position, but Huff refused.

Plaintiffs were not able to produce evidence to show that Huff's civilian status would prevent him from riding in military vehicles that might be available. Moreover, plaintiffs contended that a purpose of the reorganization was to decentralize the photographic work. However, the testimony of Robert Allison, an employee of the Military and Naval Department, indicated that substantially the same work which Huff had been doing prior to the reorganization was still being done by other employees at the same place in Springfield where Huff had worked. Thus ample evidence existed for the Commission to find that many of the reasons given for the reorganization were not accurate.

■ Despite the lack of substantiation of many of the reasons given by the Military and Naval Department for the single position reorganization, we are troubled by the conclusion of the Commission that the reorganization was a subterfuge for discharging Huff because of his refusal to rejoin the Guard. Although the difference between our analysis and that of the Commission may be subtle, we deem it to be decisive. We consider the evidence to conclusively show that the reorganization was made because of the desire of the Adjutant General that those doing photographic work be members of the Guard. The close relationship between the Guard and the Military and Naval Department is a rational basis for making a reorganization to effectuate that purpose. The creation of the position of Photographer III with the requirement of Guard membership, and the attempt to get Huff to seek that position, negate any intent upon the officials of the Military and Naval Department merely to terminate Huff's employment.

■ As is the rule with other administrative tribunals, the finding of facts by the Civil Service Commission will not be overturned unless they are contrary to the manifest weight of the evidence. (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.) However, there is a presumption that a departmental reorganization affecting a layoff is done in good faith. (*Chestnut v. Lodge* (1966), 77 Ill. App. 2d 281, 222 N.E.2d 36.) Taken most favorably to Huff, the evidence shows no other motive on the part of the officers of the Military and Naval Department than the permissible one of having the photographic work performed by persons who were members of the Guard. We thus hold the decision of the Commission to be contrary to the manifest weight

of the evidence.

The decision of the Commission overturning the layoff and ordering defendant Huff reinstated, and the judgment of the circuit court of Sangamon County affirming that decision, are reversed.

Reversed.

WEBBER, P.J., and MILLS, J., concur.