KARL SICINSKI *et al.*, Plaintiffs-Appellants, v. WILL COUNTY POLICE DEPARTMENT MERIT COMMISSION *et al.*, Defendants-Appellees.

Third District   No. 3—84—0442

Opinion filed April 2, 1985.—Rehearing denied May 1, 1985.

Patrick J. McNamara, of Schenk, Duffy, Quinn, McNamara, Phelan, Carey & Ford, of Joliet, for appellants.

Edward F. Petka, State's Attorney, of Joliet (Steven J. Prodehl, Assistant State's Attorney, of counsel), for appellee Will County Police Department Merit Commission.

John H. Kelly, of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellee John Shelley.

JUSTICE WOMBACHER delivered the opinion of the court:

This case comes on appeal from the circuit court of Will County, from an order affirming the actions of the defendant Will County Police Department Merit Commission (hereinafter commission). We

reverse.

Plaintiffs Sicinski and Rathbun were deputies of the Will County police department. Sicinski held the rank of lieutenant, and Rathbun held the rank of sergeant. Both men were supporters of Ikey Liker, candidate for sheriff of Will County in the 1982 election.

In August 1982, Sicinski received a memo from another deputy, Pat Barry. This memo was approximately seven pages long and contained some allegations against the sheriff. Sicinski gave the memo to Rathbun, who was Liker's campaign chairman. The memo was photocopied on the department's photocopying machine. There is some evidence that Rathbun gave the memo to Liker. There is no evidence that the memo was given to anyone else.

Deputy Barry had received about six copies of the memo from different sources. He had discussed the contents of the memo with six or seven other people, some of whom were deputies. The information in this memo was known by the three network television stations in Chicago. WLS had a copy in its news file. WMAQ had used the memo in a November 1981 newscast; WBBM used it in February 1982.

Defendant Sheriff Shelley was re-elected in November 1982. In December 1982, proceedings were instituted against Rathbun and Sicinski. They were charged with violating three departmental rules and regulations: No. 10. Conduct unbecoming an officer of the department; No. 37. Violations of departmental rules and regulations; and No. 40. Any act that brings or tends to bring the individual or department into disrepute.

The deputies were found to have violated rules Nos. 10 and 40. Lieutenant Sicinski was demoted to sergeant. Sergeant Rathbun was suspended for 90 days without pay. Sicinski and Rathbun sought judicial review of the commission's decision. The lower court affirmed the commission. Sicinski and Rathbun then brought this appeal.

■ The issue we consider on this appeal is whether the decision of the commission is contrary to the manifest weight of the evidence. The Administrative Review Law provides that agency decisions of fact are *prima facie* true and correct (Ill. Rev. Stat. 1983, ch. 110, par. 3—110). The function of the reviewing court is to ascertain if the findings are against the manifest weight of the evidence. (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.) The judiciary is to decide if the final decision of the agency is just and reasonable in light of the evidence presented. *Fantozzi v. Board of Fire & Police Commissioners* (1963), 27 Ill. 2d 357, 184 N.E.2d 275.

■ With this as our guide, we must reverse. The essential facts are undisputed. Boiled down to its simplest, Sicinski got a memo, gave it to Rathbun, it was photocopied on a departmental machine, it may have gotten to Liker, and some of this was done while the deputies were on duty. We find no possible way to connect these facts with any violations of the department's rules. We cannot equate the facts with any conduct that could be considered unbecoming to an officer. We also cannot see any actions that would have brought the department into disrepute. The information contained in the memo was known by several law enforcement agencies and was broadcast on two Chicago television stations. Aside from Liker, Sicinski and Rathbun did not disseminate the information elsewhere. As we interpret "brings the department into disrepute," it means in the public eye. The actions of these deputies did not diminish the stature of the Will County police force in the public eye. We find that all reasonable and unbiased persons would agree that the decision of the commission is erroneous and that the opposite conclusion is evident. *O'Boyle v. Personnel Board* (1983), 119 Ill. App. 3d 648, 456 N.E.2d 998.

Because of our decision, we decline to examine appellant's questions of hearsay, the constitutionality of the rules and regulations and the severity of the punishment.

Therefore, the decision of the circuit court of Will County is hereby reversed. We remand the case to that court with instructions to reverse the Will County Police Department Merit Commission and to order the reinstatement of the deputies to the positions they held prior to the decision of the commission. The court is also to order any other relief that it may deem necessary.

Reversed and remanded with directions.

STOUDER and SCOTT, JJ., concur.