CHARLES R. KIRSCH, Deceased, by Ruth Kirsch, Special Adm'x for Purposes of Appeal, Plaintiff-Appellant, *v.* JAMES M. ROCHFORD, Superintendent of Police of City of Chicago, *et al.*, Defendants-Appellees.

First District (3rd Division)  No. 62561

Opinion filed December 21, 1977.

John R. Ryan, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale, Marsile J. Hughes, Edmund Hatfield, and Mary Denise Cahill, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On February 21, 1974, the Chicago superintendent of police filed charges with the Police Board of Chicago against Charles R. Kirsch. The charges stem from an incident at O'Hare International Airport on May 30, 1973. Following a hearing, the Board ordered Kirsch discharged from the police force. On review of the administrative proceeding, the circuit court of Cook County affirmed the Board's decision. As a result of Kirsch's death subsequent to the filing of this appeal, Ruth Kirsch, his widow, has been named as special administratrix for the purpose of appeal.

Plaintiff was charged with violating the following three rules of the Chicago Police Department:

"Rule 2—Any action or conduct which impedes the Department's efforts to achieve its goals, or brings discredit upon the Department.

Rule 6—Disobedience of an order or directive, written or oral.

Rule 4—Intoxication on or off duty."

The superintendent additionally filed a number of specifications regarding the allegations that Kirsch's conduct had been in violation of the rules. The specifications included a charge that Kirsch had refused direct orders to take a breathalizer test and to submit to performance tests. They also claimed that when Kirsch was refused admittance to an airlines gate because of his apparent intoxication he created a disturbance.

At the hearing on these charges, Kirsch advised the hearing officer that he would represent himself. He pleaded not guilty to the charges.

Walter Bennin, supervisor of passenger services for United Airlines, testified that he was summoned to an airlines gate on the afternoon in

question by the agent in charge of the gate. The agent informed him that he believed one of the passengers was intoxicated. The witness observed Kirsch and, on the basis of his observation and his experience, believed that Kirsch was under the influence of alcohol. Kirsch informed the witness that he was a police officer and initially agreed to board a later flight. He changed his mind and announced that there was no way anyone could keep him from boarding the aircraft. Bennin called the police.

Sergeant John E. Coughlin of the airport detail responded to Bennin's call. He testified that as he approached the gate he could hear Kirsch shouting profanely that he would not be kept off the aircraft. Coughlin ordered Kirsch to leave the boarding area. After initially refusing, Kirsch accompanied Coughlin to the airport police facility. Coughlin ordered Kirsch to submit to an alcohol influence test. Kirsch refused. In Coughlin's opinion Kirsch was intoxicated. He based this opinion on the fact that his speech was slurred, his walk was unsteady, and his breath smelled of alcohol. Kirsch was transported from the airport to the district police station. Sergeant Frank J. Kracher of the airport detail corroborated Coughlin's testimony that Kirsch was intoxicated.

Captain William L. Olson of the Chicago Police Department testified that he saw Kirsch at the district police station approximately 90 minutes after the incident. Kirsch was uncommunicative, belligerent, and appeared to be under the influence of alcohol or drugs. Kirsch refused Olson's order to submit to a breathalizer test. Olson also testified that at no time was Kirsch placed under arrest.

Walter Vallee, assistant deputy superintendent of the Chicago Police Department, testified that he saw Kirsch some time after the incident. Kirsch was belligerent, upset, and obviously had been drinking. Kirsch gave Vallee his star and orally resigned from the police force. The witness stated that no written resignation was given.

The Board found Kirsch guilty of violation of all three Department rules as charged. The Board found that he had been intoxicated, that his behavior had precipitated the trouble, and that he had disobeyed a direct order from a superior officer.

Plaintiff's initial contention is that the Board lacked jurisdiction and failed to establish a prima facie case at the hearing because of its failure to establish Kirsch's status as an active member of the police department.

The argument that the Board lacked jurisdiction because it did not identify Kirsch as a policeman merits scant consideration. Kirsch responded affirmatively when asked if present at his own hearing. He also admitted to having received adequate written notice prior to his appearance.

■■ Plaintiff's questioning of whether a prima facie case had been established does contain a substantive question. Plaintiff argues that his

"duty" status was never established. No evidence was offered as to whether Kirsch was on duty, off duty, or on furlough. Establishing such a distinction, however, does not benefit plaintiff. Kirsch validly could be suspended by the Board for violating the rules regardless of his status. Plaintiff's cited case, *Harrison v. Civil Service Com.* (1953), 1 Ill. 2d 137, 115 N.E.2d 521, reaffirms the principle that a municipality may discharge its civil servants for conduct during off-duty hours. *Harrison* merely found that it was not clear that the police officer had acted improperly according to departmental rules.

■■ Plaintiff next challenges the correctness of the Board's findings, conceding that the test to be applied, is whether the Board's decision is against the manifest weight of the evidence. (*Schnulle v. Board of Fire & Police Commissioners* (1974), 16 Ill. App. 3d 812, 306 N.E.2d 906; *Kelly v. Police Board* (1975), 25 Ill. App. 3d 559, 323 N.E.2d 624.) A brief review of the evidence indicates that plaintiff was the center of a disturbance originating at the airport and concluding at the police station. The disturbance was caused by plaintiff's conduct. Based on all the evidence before it, the Board's decision was clearly supported and was not against the manifest weight of the evidence. *Davenport v. Board of Fire & Police Commissioners* (1972), 2 Ill. App. 3d 864, 278 N.E.2d 212.

■■ Citing the case of *Gigger v. Board of Fire & Police Commissioners* (1960), 23 Ill. App. 2d 433, 163 N.E.2d 541, plaintiff contends that Kirsch did not receive a fair hearing. Plaintiff claims that the hearing officer "aborted" Kirsch's cross-examination of the witnesses, and that Kirsch's 18 years of continuous service was never mentioned. In *Gigger*, the court found that the Board was attempting to prove defendant's guilt rather than to conduct an impartial hearing. Cross-examination of witnesses was limited and the entire hearing was conducted by the Board's attorney. The court found that the attorney acted in the capacity of both prosecutor and judge. Such was not the situation in the present case. Kirsch was informed that he could have an attorney, but he declined to have one present at the hearing. Kirsch was afforded considerable latitude in his sparse cross-examination. He was only chided by the hearing officer when he introduced his own testimony or argued the case during that cross-examination. Kirsch also was informed that he could present any witnesses or other evidence, or give any statement in his own behalf. Kirsch was given an ample opportunity to present his case, and he received a fair hearing.

■■ Plaintiff also contends that Kirsch was denied due process because the superintendent of police suspended him for 30 days without a presuspension hearing. That issue was not raised in the administrative proceeding or in the trial court on judicial review of the administrative proceeding. An issue not presented to or considered by the trial court cannot be raised for the first time on review. (*Kravis v. Smith Marine, Inc.*

(1975), 60 Ill. 2d 141, 324 N.E.2d 417.) We shall not consider the issue.

We finally consider plaintiff's contention that Kirsch's conduct did not warrant a penalty as severe as discharge from the police department. We agree.

In *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389, this court held that four specific findings by the Board were not against the weight of the evidence. The findings were that Kreiser had operated his vehicle while it was not properly licensed; that he failed to obey an order of a superior officer; that he gave a false oral statement to the superior officer; and that he left the police station without being properly relieved. We held, however, that these findings did not constitute "cause" for discharge. This court found that the infractions on the part of Kreiser were not sufficiently substantial or related to the performance of his duties to call for the maximum sanction of discharge. In *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 370 N.E.2d 511, the supreme court agreed that Kreiser's discharge could not stand. Following its holding in *Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 307 N.E.2d 371, the court remanded the Kreiser matter to the Board in order that the latter might consider an alternative sanction.

■■ Similarly in the present case, we believe that the maximum sanction of discharge was unwarranted. The record establishes that Kirsch was intoxicated at the time, and that his conduct was the cause of the disturbance both at the airport and the police station. It appears however that except as to the taking of alcoholic tests, Kirsch cooperated and submitted obediently although somewhat belligerently. He apparently was not on duty at the time of the incident, had been a member of the police department for a number of years, and no material in aggravation was introduced into the record. While the charges were not unreasonable or arbitrary, we believe that the matter must be remanded so that the Board can consider an alternative sanction to that of discharge.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, and the cause is remanded to the Board for reconsideration.

Reversed and remanded.

SIMON, P. J., and JIGANTI, J., concur.