RAYMOND M. WALSH, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF ORLAND PARK et al., Defendants-Appellees.

First District (1st Division)    No. 80-2792

Opinion filed December 28, 1981.

Condon, Cook & Roche, Ltd., of Chicago, for appellant.

Goldstine & Broida, Ltd., of Summit (Ronald J. Broida and Richard J. Skrodzki, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:
Robert Walsh, an Orland Park policeman, was charged with violating several regulations of the police department as the result of a shooting incident. After a hearing before the Board of Fire and Police Commissioners of the Village of Orland Park (Board) he was discharged from service. On review of the administrative proceedings, the circuit court of Cook County affirmed the Board's decision. Walsh has appealed these determinations, contending (1) the Board did not have jurisdiction over him since he was on disability suspension at the time of the incident and the hearing, and also since he had resigned from the police department; and (2) the findings of the Board are contrary to the manifest weight of the evidence.

On November 22, 1977, the chief of police of Orland Park filed charges against Walsh based upon a shooting incident that took place September 17-18, 1977. These charges included: excessive use of intoxicants, commission of a crime, conduct unbecoming a police officer,

unlawful use of a weapon, conduct tending to cast disrepute on the department, conduct contrary to the public peace or welfare, and drawing a firearm needlessly. Specifications filed with the Board alleged Walsh was under the influence of intoxicants in such a way that he was unfit for duty and that he conducted himself in a manner unbecoming a police officer by illegally drawing, displaying and discharging a weapon so as to commit the crime of reckless conduct and aggravated battery.

A hearing on this matter established the following facts:

Walsh was a member of the police department from the time of his appointment on June 7, 1971, to the date of the incident. He had achieved the rank of sergeant. On April 22, 1977, Walsh was placed on medical disability suspension. This suspension was based upon the action of the police chief and Walsh received pension benefits after a Board of Trustees of the Police Pension Fund of Orland Park (Pension Board) determination of Walsh's mental disability. The police chief and several members of the department were aware of Walsh's condition and that he was under psychiatric care.

Late on the evening of September 17, 1977, Walsh telephoned his friend and co-worker Sergeant Smith. Walsh said, "it was his time" and that he was "going to do himself in." Smith tried to calm Walsh down over the phone. After Walsh hung up, Smith called him back and had a similar conversation. Smith then went over to Walsh's house. He was dressed in civilian clothes and was unarmed. Smith noticed a gun in Walsh's hands when he was allowed into the house. Walsh's wife was present as the three of them were in the living room. Several times Walsh pointed the gun at Smith or his wife, pulling the hammer back in a cocked position. Smith warned Walsh not to do this and to put the gun down before someone was hurt. Walsh never laid the gun down, but did hold it down at his side.

After 15-20 minutes Walsh offered Smith a drink. Smith declined and Walsh made himself a drink. Soon thereafter, the drink spilled on the floor. At this point, Walsh shot at the empty glass and missed. He then kicked and broke the glass. Smith tried again to get Walsh to put the gun down. The only response from Walsh was to the effect that he would not put the gun down.

Walsh then moved in the direction of S~ith to get his cigarettes. The gun in his hand was pointed towards Sm.    mith did not know if the gun was aimed, just that it was pointed towards him. As Walsh bent down, the gun, which was approximately 3 feet away, discharged and Smith was struck in the face. Smith suffered facial injuries from which he recovered.

Several officers from the Orland Park Police Department were on the scene shortly after the incident. Their testimony at the hearing indicated that Walsh was distraught over the shooting of his best friend.

The Board found that Walsh violated all of the regulations under

which he was charged except the charge of excessive use of intoxicants. The Board then found that cause existed for the discharge of Walsh from the police department and ordered him discharged.

Walsh contends that the Board did not have jurisdiction over him for two reasons: First, he was not an employee of the police department since he had tendered his resignation at the start of the hearing. Second, because he was on disability suspension and receiving disability pension benefits from the Pension Board, the Board was divested of its jurisdiction over him.

Walsh tendered his notice of retirement due to medical reasons at the beginning of the hearing. It was upon this notice that he argued there was no need for a hearing because he was no longer an employee of the Orland Park Police Department. The Board, however, did not recognize this tendered retirement notice because it failed to comply with a rule of the Village of Orland Park which required notice of retirement to be made in writing to the chief of the department concerned. Thus it was, and is, the Board's position that Walsh's attempted resignation was not effective.

Walsh's second claim is based on the fact that he was receiving pension benefits from the Pension Board. This status, he argues, precludes any determination that he is a full-time policeman under the jurisdiction of the Board. (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—26.) Walsh also relies on section 3—116 of the Illinois Pension Code (Ill. Rev. Stat. 1979, ch. 108½, par. 3—116), which provides in part:

"A policeman whose duty is suspended because of disability may be summoned to appear before the [Pension] Board, and to submit himself thereto for examination as to his fitness for duty."

Thus, Walsh argues, he is subject only to the jurisdiction of the Pension Board until his disability suspension is terminated.

■■ We disagree and believe the Board had jurisdiction to proceed with its disciplinary hearing. First, we agree with the Board's position that Walsh did not properly give notice of his retirement. This finding is an interpretation of the Village's own rules and regulations and supported by the manifest weight of the evidence. *Kirsch v. Rochford* (1977), 55 Ill. App. 3d 1042, 371 N.E.2d 899; *Davenport v. Board of Fire & Police Commissioners* (1972), 2 Ill. App. 3d 864, 278 N.E.2d 212.

■■ Walsh's statement that only the Pension Board may terminate his disability benefits and restore him to active duty is correct. (Ill. Rev. Stat. 1979, ch. 108½, par. 3—116.) However, his cited case, *O'Brien v. Board of Trustees* (1978), 64 Ill. App. 3d 592, 381 N.E.2d 813, is inapposite to the issues in this case. *O'Brien* merely decided whether a fireman's disability pension was properly terminated. Here, the Board was clearly acting in a disciplinary matter. It is settled that it was doing so within the powers

granted to it under section 10—2.1—17 of the Municipal Code. (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17.) Through this section a board of fire and police commissioners is given the exclusive power to discharge policemen and firemen. *Stearns v. Board of Fire & Police Commissioners* (1978), 59 Ill. App. 3d 569, 375 N.E.2d 877, citing *Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313; *People ex rel. Carey v. Forberg* (1975), 33 Ill. App. 3d 161, 337 N.E.2d 369.

We next consider Walsh's argument that the findings and decisions of the Board are against the manifest weight of the evidence. The function of a court of review in this type of case is to determine whether a board's findings and decision are against the manifest weight of the evidence. (*Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389, affirmed (1977), 69 Ill. 2d 27; *Kirsch v. Rochford*.) A brief review of the evidence indicates that Walsh was involved in the mishandling of a gun which resulted in the shooting of his friend. The decision of the Board, then, was not against the manifest weight of the evidence.

■■ While the findings of an administrative agency on questions of fact are *prima facie* true and correct (Ill. Rev. Stat. 1979, ch. 110, par. 274), this is not so as to its findings of cause. A board's finding that there is sufficient cause for discharge is subject to judicial review. (*Caliendo v. Goodrich* (1975), 34 Ill. App. 3d 1072, 340 N.E.2d 560; *Crowell v. Police Board* (1975), 32 Ill. App. 3d 552, 336 N.E.2d 573.) The courts have defined cause to be some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for his no longer holding the position. (*Kreiser v. Police Board*, and the cases cited therein.) In a proceeding to remove a police officer, it is the function of the court to decide: whether the charges preferred against the officer are not so trivial as to be unreasonable or arbitrary; whether the commission acted on evidence that fairly tended to sustain the charges; and whether its decision is related to the requirements of the service. *DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 202 N.E.2d 522; *Kreiser v. Police Board*.

■■ Although this court does not, in any way, condone Walsh's actions, we believe that the maximum sanction of discharge was unwarranted. The record shows, and the Board found, that Walsh was not intoxicated during this incident. It appears that his conduct was a manifestation of the very psychological problems for which he was on disability suspension. Walsh had not been on active duty for some 5 months and was not, according to the police chief's testimony, available for any duty. It also appears from the record that those police officers who testified about the incident, including the victim, did so with reluctance. While the charges were not

unreasonable or arbitrary, we believe the matter must be remanded so that the Board can consider an alternative sanction to that of discharge. *Kirsch v. Rochford.*

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause remanded to the Board for reconsideration.

Reversed and remanded.

GOLDBERG and McGLOON, JJ., concur.