GARY R. JENKINS, Plaintiff-Appellee, *v.* UNIVERSITIES CIVIL SERVICE MERIT BOARD OF THE STATE UNIVERSITIES CIVIL SERVICE SYSTEM *et al.*, Defendants-Appellants.

Fifth District    No. 81-166

Opinion filed May 4, 1982.

Richard Erdmann, of Follmer, West and Erdmann, of Champaign, for appellant Universities Civil Service Merit Board of the State Universities Civil Service System.

John L. Gilbert and Ronald L. Lowery, both of Reed, Armstrong, Gorman and Coffey, P. C., of Edwardsville, for appellant Board of Trustees of Southern Illinois University.

Robert P. Hennessey, of Granite City, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendants, the Board of Trustees of Southern Illinois University (Trustees) and the Universities Civil Service Merit Board (Merit Board), appeal from the judgment of the circuit court of Madison County reversing the Merit Board's decision to discharge plaintiff, Gary R. Jenkins, from the University Police Department. The issue raised on appeal is whether the trial court erred in holding that the findings and decision of the Merit Board were contrary to the manifest weight of the evidence.

On May 10, 1979, plaintiff was suspended, pending discharge, on charges of (1) drinking intoxicants in a State vehicle while on duty enroute to the Police Academy, (2) threatening a fellow officer with a handgun while under the influence, (3) conduct unbecoming of an officer in using abusive language toward a fellow officer, (4) violating a department policy by removing a handgun from its holster without just cause, (5) refusing to cooperate during an investigation of the University Police Department, and (6) conspiring with a fellow officer not to report an incident under investigation. A hearing was held and on February 19, 1980, the Merit Board found that the evidence supported the charges and established just cause for discharge. On administrative review of the Merit Board's decision, the circuit court of Madison County reversed, finding that the decision was against the manifest weight of the evidence.

Before addressing the issues raised by defendants on appeal, it is necessary to address plaintiff's arguments that the charges against him were insufficiently drawn, and that defendants are estopped from bringing charges (1) and (4).

■■ ■ While charges in an administrative proceeding must be specific enough to allow the accused to prepare a defense, the charges need not be drawn with the same refinements and subtleties as a pleading in court. (*Greco v. State Police Merit Board* (1969), 105 Ill. App. 2d 186, 245 N.E.2d 99.) In *Greco*, the complaint alleged that the plaintiff had violated a number of rules and regulations, but did not contain specific descriptions of the alleged misconduct, such as dates, places, times and names of individuals affected thereby. The complaint was found to be insufficient. Here, the charges specify the impropriety of which defendant is accused (*e.g.*, drinking enroute to the Academy, threatening an officer with a firearm), the dates of the alleged occurrences, and other descriptive details to put defendant on notice of the alleged misconduct. Accordingly, the charges are drawn with sufficient clarity.

Plaintiff further alleges that defendants are estopped from claiming the right to discharge plaintiff based on charges (1) and (4) because plaintiff has been previously disciplined for the conduct alleged in charge (1); and the charges in (4), if proven, would constitute a safety violation, justifying suspension, but not discharge.

■■ Charge (1) alleges that plaintiff drank intoxicants in a State vehicle while on duty enroute to the Police Academy. Former acting chief of police, Tom Lefflar, confronted plaintiff with regard to this incident, and plaintiff admitted he was guilty of drinking enroute to the Academy. Lefflar then informed plaintiff that it was not a very smart thing to do. No further action was taken. Such "oral reprimand" does not rise to the level of discipline, especially in light of substantial testimony that Lefflar and plaintiff are close friends. Accordingly, when the Trustee defendants were later made aware of plaintiff's conduct, no injustice resulted in asserting such conduct in the written charges against plaintiff. Plaintiff's estoppel argument as to charge (1) is thus without merit.

■■ The same result is required with regard to charge (4). Plaintiff was charged with violating a department regulation by removing his handgun from its holster without just cause. Plaintiff argues that because the regulation states that it is "to set standards regulating the use and *safety* of handguns * * *" that it is necessarily a safety regulation for which the appropriate sanction is suspension. The regulation deals with a matter of gravest concern, proper handling of a firearm by a police officer. While not requiring that discharge be imposed for violation of the regulation, we find that such a sanction may be imposed by the Merit Board in appropriate circumstances.

■■ Plaintiff asserts that defendants are, nevertheless, estopped from asserting charge (4) as a grounds for discharge because plaintiff was disciplined for violation of the regulation when given a 30-day suspension on January 5, 1979. However, the testimony establishes that plaintiff agreed that his suspension be held in abeyance pending reinvestigation of the incident. The reinvestigation brought out additional evidence unfavorable to plaintiff, and the Trustee defendants initiated discharge proceedings against plaintiff. Plaintiff cannot now be heard to say that the defendants are estopped from using plaintiff's misuse of a firearm as a ground for discharge, when he agreed that the incident could be reinvestigated and his suspension terminated.

Defendants first contend that the trial court erred in holding that the findings and decision of the Merit Board were against the manifest weight of the evidence. The Merit Board found against plaintiff on each of the six charges.

■■ The Administrative Review Act provides that "[t]he findings and conclusions of the administrative agency on questions of fact shall be held

to be prima facie true and correct." (Ill. Rev. Stat. 1979, ch. 110, par. 274.) A reviewing court's inquiry is limited to deciding whether there is evidence fairly tending to support the agency's findings, or whether a contrary result is clearly evident. *Davenport v. Board of Fire & Police Commissioners* (1972), 2 Ill. App. 3d 864, 278 N.E.2d 212.

Regarding charge (1), there is testimony that plaintiff admitted to having consumed intoxicants in a State vehicle enroute to the Police Academy. Further, the officer who accompanied plaintiff to the Academy testified that plaintiff was drinking. The plaintiff and defendants are in disagreement as to whether plaintiff was "on duty" or "off duty" at the time. In *Davenport*, the court stated, "It has long been settled in our state that there is no distinction between 'off duty' and 'on duty.' misconduct by a police officer. Should a police officer engage in misconduct which is detrimental to the service it would be absurd to say that he is clothed with a cloak of immunity if such misconduct occurred during 'off duty' hours." (*Davenport v. Board of Fire & Police Commissioners* (1972), 2 Ill. App. 3d 864, 870, 278 N.E.2d 212, 216.) Drinking in a State vehicle while enroute to the Police Academy could result in the loss of public confidence in the police, thereby causing detriment to the service. The record discloses that plaintiff was drinking enroute to the Academy. Even assuming plaintiff was off duty at the time, a decision exonerating him of the misconduct alleged in charge (1) is not clearly required. Accordingly, the trial court erred in holding the Merit Board's decision was against the manifest weight of the evidence.

In charge (2), plaintiff is accused of threatening a fellow officer with a drawn weapon while under the influence of intoxicants. The officer, Steve Clemons, testified that plaintiff's car had been stopped for speeding by Officer Marvin Strode; and when Clemons arrived at the scene, he jokingly remarked, "Boy, you're in a heap of trouble." Plaintiff answered Clemons by pulling his handgun, pointing it at Clemons and saying, "No, boy, you're in a heap of trouble." Marvin Strode, the officer who initially stopped plaintiff, testified that plaintiff pulled his gun and pointed it at Clemons. Even plaintiff admitted removing his revolver from its holster, although he denies having pointed it at Clemons. Plaintiff also testified that he had been drinking that evening, was drinking while driving, and believed he had four to six drinks that evening. In light of the foregoing, the Merit Board's decision that plaintiff threatened a fellow officer with a handgun while under the influence of intoxicants is not against the manifest weight of the evidence. The trial court erred in so holding.

Regarding charge (3) that plaintiff engaged in conduct unbecoming an officer in using abusive language in public toward a fellow officer, plaintiff admits that he used the word "nigger" in referring to a fellow officer. Plaintiff argues, however, that it was not in public, nor abusive,

because it occurred among a small group of men who are used to relating to one another in such a manner. However, two officers, who are black, testified that they did find the language to be abusive, but that they did not register their objections because they believed plaintiff to be close friends with the then acting chief of police, Tom Lefflar. Thus, the evidence is sufficient to find plaintiff guilty of conduct unbecoming of a police officer in using abusive language toward a fellow officer. The trial court erred in finding the Merit Board's decision to be against the manifest weight of the evidence.

The fourth charge against plaintiff is removing his handgun from its holster without just cause. When plaintiff was stopped for speeding, the testimony discloses that he removed his gun from its holster and, according to at least two of the witnesses, pointed the gun at one of the officers. Further testimony, including plaintiff's, discloses that later the same night, while visiting a friend's Tower Lake Apartment, plaintiff again removed his handgun from its holster. The testimony is sufficient to sustain the Merit Board's finding that plaintiff is guilty of charge (4). The trial court was in error in holding the Board's decision to be against the manifest weight of the evidence.

Charge (5) accuses plaintiff of deliberately refusing to cooperate with the Illinois Department of Law Enforcement (DLE) during an investigation of the University Police Department. A directive of the University, dated January 10, 1979, ordered all police officers to cooperate fully with the DLE regarding an investigation into a January 5, 1979, shooting of a University police officer. Approximately a week thereafter, a second directive informed police officers that such cooperation included submitting to polygraph examinations on request. Plaintiff did take a DLE polygraph in regard to the January 1979 shooting incident. Further, he and his attorneys arranged a second polygraph regarding the incidents in charges (1) through (4). Although the testimony of DLE agent, Robert Magnussen, was that plaintiff was twice requested to submit to a DLE polygraph regarding charges (1) through (4), and that plaintiff refused unless two other officers also took a polygraph, such action on plaintiff's part does not constitute deliberate refusal to cooperate with the DLE. Plaintiff could have reasonably believed that taking the polygraph for other than the January 1979 shooting was voluntary because the University directives referred only to the shooting incident. Further, when plaintiff asked the DLE agent whether taking the polygraph was voluntary, the agent indicated that it was. Accordingly, the trial court did not err in finding the Merit Board's decision, that plaintiff deliberately refused to cooperate with the DLE, to be against the manifest weight of the evidence.

The last allegation, charge (6), accuses plaintiff of conspiring with a

fellow officer, Marvin Strode, on two occasions. First, in failing to report an incident under investigation; and second, in refusing to give a complete account of the incident under investigation. The testimony is conflicting. Police officer Marvin Strode testified that plaintiff called him at the East St. Louis Center and told Strode that plaintiff was able to get everyone who was present at the Tower Lake Apartment, when plaintiff allegedly removed his gun without cause, to say the same thing. A police lieutenant, George Johnson, was asked by Strode to listen in on the conversation, and Johnson testified that although he could not recall plaintiff's exact words, Johnson heard plaintiff ask Strode to stick to his, Strode's story.

Strode also testified that on a second occasion, plaintiff approached him at a Shell gas station and asked him to say that he had not seen anything. Plaintiff's testimony was that plaintiff made no request of Strode other than to ask that Strode tell the truth.

■■ Where the testimony is in conflict, it is for the Merit Board, not the court, to judge the credibility of the witness. (*Dante v. Police Board* (1976), 43 Ill. App. 3d 499, 357 N.E.2d 549.) Our inquiry is limited to whether there is evidence in the record fairly tending to support the Board's decision that plaintiff conspired with a fellow officer not to report an incident under investigation and to evade the reporting of an incident under investigation. A review of the record supports the Merit Board's finding. Accordingly, the trial court erred in finding the Merit Board's decision to be against the manifest weight of the evidence.

Therefore, as to the first issue of whether the trial court erred in holding that the findings and decision of the Merit Board were contrary to the manifest weight of the evidence, we find that as to charges (1), (2), (3), (4) and (6), the trial court did err. There was evidence in the record fairly tending to support the agency's finding that plaintiff was guilty of the misconduct alleged in those charges.

■■ ■ The second issue presented on appeal is whether the Merit Board's decision to discharge plaintiff was arbitrary, unreasonable or unrelated to the requirements of service. Whether findings are sufficient cause for discharge is generally a question for the agency's decision. (*Joyce v. City of Chicago* (1905), 216 Ill. 466, 75 N.E. 184.) The courts have provided guidance to agencies in defining cause as some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service, and which the law and sound public policy recognize as good cause for no longer holding the position. *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389, *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 511; *Caliendo v. Goodrich* (1975), 34 Ill. App. 3d 1072, 340 N.E.2d 560.

■■ ■ Unlike findings of fact, agency determinations of cause are not prima facie true and correct; manifest weight of the evidence is not the

applicable standard of review. (*Fox v. Civil Service Com.* (1978), 66 Ill. App. 3d 381, 383 N.E.2d 1201.) The agency's determination may be overturned if unreasonable, arbitrary, or unrelated to the requirements of service. (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.) In recent years, government employment has ceased to be characterized as a gratuity which the government can take away at will and has earned the distinction of an important entitlement protected by due process of law. The court must balance the employee's interest in avoiding a dismissal unwarranted by the facts and the State's interest in maintaining efficiency through the prompt removal of employees who contribute to inefficiency as a result of their past conduct.

Plaintiff cites a number of cases in which Illinois courts have reversed agency determinations to discharge employees. However, none of the cited cases are dispositive of the question of whether the Merit Board was justified in discharging plaintiff in the present case.

In *Fox*, the plaintiff was a Department of Revenue investigator charged with shouting profanities at a taxpayer she was investigating. The court held that although her conduct was related to service requirements, it was not of such substantial nature to warrant discharge. However, the court expressly limited its holding to the circumstances of the case. There was evidence that the plaintiff had been provoked by the taxpayer; the setting in which it occurred was an adversarial one; plaintiff had a good, lengthy work record; and plaintiff's behavior signified overzealousness, as opposed to neglect of duty.

In *Cartwright v. Civil Service Com.* (1980), 80 Ill. App. 3d 787, 400 N.E.2d 581, the plaintiff, chief of security at a correctional facility, was discharged for failing to reprimand a guard who had placed a choke hold on an unruly prisoner. In reversing the agency's decision, the court emphasized that the plaintiff's only shortcoming was failing to reprimand a subordinate for his questionable conduct and three of plaintiff's superiors also witnessed the incident and did nothing.

Three of the cases cited by plaintiff involve police officers; however, they are distinguishable in that the misconduct involved was not so serious as the misconduct presented in the present case.

In *Thomas v. Police Board* (1980), 90 Ill. App. 3d 1101, 414 N.E.2d 11, the police officer had failed to pay parking tickets amounting to a substantial sum (approximately $2,150). The court held that the plaintiff's unlawful conduct was not such that the discipline and efficiency of the department would be undermined if plaintiff was not discharged. Nor was plaintiff's misconduct so significantly related to the performance of his police duties as to warrant discharge.

In *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 370 N.E.2d 511, the

officer's car was not properly licensed, and when plaintiff was asked by his commanding officer whether he had been driving his personal car, plaintiff falsely represented that he had not. Further, plaintiff failed to obey an order of his commanding officer to file a written report, and plaintiff left the station without logging out. The court found that the infractions on plaintiff's part were not sufficiently substantial or related to the performance of plaintiff's duties to call for the maximum sanction of discharge.

In *Kirsch v. Rochford* (1977), 55 Ill. App. 3d 1042, 371 N.E.2d 899, the officer caused a disturbance as the result of his intoxication, both at an airport and at a police station. Moreover, he refused to submit to a breathalyzer test. In holding that discharge was too severe, the court noted that other than refusing the breathalyzer test, plaintiff had submitted obediently. Further, he was not on duty at the time of the incident, and he had been a responsible member of the department for a number of years.

■■ The instant case involves misconduct more related to the performance of plaintiff's duties as they relate to the efficiency and discipline of the service. Charges (2) and (4) center around the misuse of a firearm. Respect for weapons is paramount to an efficient and disciplined police department. Moreover, the harm that may result from the misuse of a gun, intended or accidental, is great. Plaintiff pointed a gun at a fellow officer while plaintiff was under the influence of intoxicants. Hours later, he removed his gun from its holster a second time, again without just cause. The lack of respect for weapons plaintiff has evidenced renders his continued service detrimental to the department. The other charges of which plaintiff is guilty (*i.e.*, drinking enroute to the Police Academy, using abusive language toward a fellow officer in public, conspiring to not report an incident under investigation) serve to reinforce the decision that discharge is the appropriate disposition in this case. Accordingly, the Merit Board's decision to discharge plaintiff was not arbitrary, unreasonable, nor unrelated to the requirements of service.

For the reasons set forth, the judgment of the Circuit Court of Madison County is reversed, and the decision of the Merit Board discharging plaintiff is reinstated.

Reversed. Decision of Merit Board reinstated.

JONES and WELCH, JJ., concur.