DEANE D. WINKLER, Plaintiff-Appellee, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellants.

Fourth District   No. 4—82—0245

Opinion filed April 18, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

Allen L. Dougherty and Thomas M. Goodwin, both of Dougherty & Hofmann, of Danville, for appellee.

JUSTICE MILLER delivered the opinion of the court:

This appeal presents the question whether on administrative review the circuit court may order the reinstatement of a civil service employee over whose case the Civil Service Commission (Commission) lost jurisdiction. The plaintiff, Deane D. Winkler, was demoted from his job in the Department of Public Aid (Department). Winkler requested a hearing on the charges against him, and one was scheduled; before the hearing could be held, however, he resigned. At the Department's urging, the hearing officer vacated the hearing date and later recommended to the Commission that the case was moot and should be closed because of the resignation. The Commission instead ordered that a hearing be held, which was done; the Commission then adopted the officer's findings that the charges against Winkler were true and warranted the demotion. On administrative review, the circuit court held that the Commission lost jurisdiction over the case by failing to convene a hearing within 30 days of Winkler's request for one, as required by section 11 of the Personnel Code (Ill. Rev. Stat. 1981, ch. 127, par. 63b111). The court also ordered that Winkler be

reinstated to the job he held in the Department before the demotion. The Department and Commission appeal. We affirm the circuit court's decision that the Commission lost jurisdiction over the case but reverse the court's decision reinstating Winkler.

Winkler began working for the Department of Public Aid in 1965 and continued working there in various capacities until 1980. On May 19, 1980, the Department sent Winkler written notice of the charges against him and of his demotion from Public Aid Administrator III— he was chief administrator of the Department's office in Vermilion County—to Administrative Assistant I. The charges asserted in general that the Vermilion County office was poorly organized and managed and that Winkler had failed to correct these problems after they were pointed out to him.

On June 2, 1980, the Commission received Winkler's request for a hearing on the charges and scheduled one for June 27, 1980. Winkler then sent a letter of resignation to the Department; the letter, dated June 5, said:

> "In consideration of the amount of travel required in the Administrative Assistant I classification to which I have been assigned, I do not feel that I can perform the tasks assigned.
>
> Since no other options are available within the Agency, I hereby terminate employment effective June 5, 1980."

Twelve days later, the Assistant Attorney General assigned to the case sent this information to the hearing officer and wrote:

> "His resignation has mooted the question of the propriety of his demotion. I am therefore notifying you of this development, and it is my expectation that we may now close the file regarding Mr. Winkler. Because of this, we will not be appearing on the appearance date, June 27, 1980, at 10:00 a.m."

The hearing was then cancelled. On September 22, 1980, the hearing officer recommended to the Commission that Winkler's challenge of the demotion be dismissed because of the resignation. The Commission, without explanation, remanded the case for hearing on the merits, which was conducted over Winkler's objection that delay in convening the hearing had deprived the Commission of jurisdiction. The hearing officer heard testimony and found that the charges were true and warranted Winkler's demotion; the Commission adopted this decision.

Winkler filed a complaint for administrative review arguing that the Commission had lost jurisdiction and, alternatively, that its decision was against the manifest weight of the evidence. Agreeing with Winkler on the question of jurisdiction, the circuit court set aside the

Commission's decision. The judge ordered that Winkler be reinstated immediately to his job as Administrator III but ruled that his reimbursement for lost wages had to be decided by the Court of Claims. Although the judge ordered Winkler reinstated, he did not rule on the meaning or effect of the letter of resignation.

Section 11 of the Personnel Code (Ill. Rev. Stat. 1981, ch. 127, par. 63b111) provides requirements for hearings for civil service employees who wish to challenge charges seeking their removal, discharge, or demotion or their suspension for more than 30 days; that section says, "Upon the filing of such a request for a hearing, the Commission shall grant a hearing within 30 days." The parties now agree that the Commission lost jurisdiction over this case by not beginning a hearing on the charges within that time limit (*e.g., Ragano v. Illinois Civil Service Com.* (1980), 80 Ill. App. 3d 523, 400 N.E.2d 97; *Parsons v. Civil Service Com.* (1977), 50 Ill. App. 3d 519, 365 N.E.2d 544; *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308). The parties disagree on the meaning and effect of the letter of resignation. Winkler argues that he could resign from his new lower job and still fight the demotion from his original job. The defendants argue that Winkler, by resigning, forfeited his right to be reinstated and that only the Commission may reinstate an employee who has resigned but lacks the power to do so here because it lost jurisdiction. We agree with the defendants—but not for their reasons—that the circuit court in the present proceeding could not order Winkler's reinstatement.

The unusual circumstances here posed to the circuit court only two questions on administrative review at most: whether the Commission lost jurisdiction over the case and, if it did not, whether its decision was against the manifest weight of the evidence. The circuit court's powers on administrative review are provided and delimited by statute. (Ill. Const. 1970, art. VI, sec. 9; see *Glasco Electric Co. v. Department of Revenue* (1980), 87 Ill. App. 3d 1070, 409 N.E.2d 511, *aff'd* (1981), 86 Ill. 2d 346, 427 N.E.2d 90.) Section 3—111(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 3—111(a)), formerly section 12(1) of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 275(1)), lists those powers; the case law holds that the circuit court does not have the power to order reinstatement of an employee.

In *Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 75 N.E.2d 303, the Liquor Control Commission fired one of its employees; the Civil Service Commission found the discharge warranted, and the circuit court affirmed. Concluding that that decision was against the

manifest weight of the evidence, the supreme court reversed, but it denied the employee's request for reinstatement and back pay. The court said:

> "Section 11 of the Administrative Review Act (Ill. Rev. Stat. 1945, ch. 110, par. 274,) provides that the hearing and determination on review shall extend to all questions of law and fact presented by the entire record before the court. Under section 12 of the same act, the court has the power to affirm or reverse the decision of the administrative agency in whole or in part or it may remand the cause for the taking of additional evidence. There is no provision for the joinder of a *mandamus* action for the restoration to the position and an action for back wages." (398 Ill. 219, 231-32, 75 N.E.2d 303, 309.)

More recently, similar results have been reached in *Kloss v. Board of Fire & Police Commissioners* (1982), 108 Ill. App. 3d 8, 438 N.E.2d 685, *Dorner v. Illinois Civil Service Com.* (1980), 85 Ill. App. 3d 957, 407 N.E.2d 750, *Basketfield v. Daniel* (1979), 71 Ill. App. 3d 877, 390 N.E.2d 492, and *Sgro v. City of Springfield* (1972), 6 Ill. App. 3d 478, 285 N.E.2d 589. The Commission, having lost jurisdiction in this matter by failing to grant Winkler a hearing within the time limits prescribed, had no authority to determine his status as an employee with the Department. The circuit court then, having no powers on administrative review broader than those provided by section 3—111(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 3—111(a)), had no authority to order Winkler's reinstatement.

The defendants argue, alternatively, that the Commission's findings and decision are not against the manifest weight of the evidence. Winkler has moved to strike that part of the defendants' brief on this question because the circuit court did not address it. The Commission's loss of jurisdiction makes both the question and Winkler's motion moot.

We therefore affirm the circuit court's decision that the Commission lost jurisdiction and reverse that court's decision reinstating Winkler.

Affirmed in part and reversed in part.

WEBBER, P.J., and GREEN, J., concur.